PROB 12C
(4/19)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Individual Under Supervision

**Name of Individual Under Supervision:** Victor Lopez     **Docket Number:** 13-00155-001
   **PACTS Number:** 66708

**Name of Assigned Officer:**     THE HONORABLE GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 10/17/2014

**Original Offense:**    Count One: Felon in Possession of a Firearm - Etc., 18 U.S.C. Section 922(g)(1)

**Original Sentence:** 70 months imprisonment, 36 months supervised release

**Special Conditions:** Special Assessment, Fine, Substance Abuse Testing, Alcohol Treatment, Drug Treatment, Mental Health Treatment, Gang Restriction Court Ordered, No New Debt/Credit, Gang Associate/Member, Financial Disclosure, Life Skills Counseling

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** 09/02/2020

**Assistant U.S. Attorney:** Sara Merin, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Scott Krasny (CJA), 820 Bear Tavern Road, Suite 304, West Trenton, Nj 08628 (609)882-0288

## PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the individual under supervision has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |
| | On August 18, 2022, Mr. Lopez was arrested by members of the Newark Police Department and charged with simple assault. He was taken to the Essex County Jail and was expected to be released on August 19, 2022. |
| | According to a police report, Mr. Lopez was at his girlfriend's, E.A., residence and they had an argument when she allegedly accused him of being with another woman. Reportedly, she told the responding officers Mr. Lopez slapped her in |

Prob 12C – page 2
Victor Lopez

the face. In addition, she reported there have been prior unreported domestic violence incidents, between her and Mr. Lopez, and she decided to call police for assistance this time because she wanted him to leave her residence.

More recently, this probation officer spoke to E.A. During the conversation, she stated she will not be pursuing the charge against Mr. Lopez, and she denied telling the police he slapped her.

2   The individual under supervision has violated the special supervision condition which states **'You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.'**

Mr. Lopez was originally referred to Oaks Integrated for mental health treatment. After completing an assessment, he stated he was unable to attend virtual sessions, as he did not know how to login to Zoom. He also stated he could not attend therapy in person because of transportation issues, although this officer offered to provide him with a bus pass.

He was then referred to Integrity House where he completed an assessment for substance abuse treatment. The therapist there recommended that he be referred to Early Intervention Support Services (EISS) for mental health services after he refused treatment, due to him saying that the therapist was looking at him inappropriately, when he was asked to provide a urine.

He completed an assessment at EISS and subsequently completed their thirty-day program where he attended therapy sessions and met with a psychiatrist for prescribed psychotropic medication. Upon completion, his therapist recommended that he continue to attend treatment on an outpatient basis. Mr. Lopez stated that he did not feel he needed further treatment and reported he stopped taking the prescribed medication, as he felt it made him worse.

3   The individual under supervision has violated the special supervision condition which states **'You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and/or the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.'**

On October 28, 2021, Mr. Lopez tested positive for amphetamine and marijuana use.

On December 1, 2021, Mr. Lopez tested positive for amphetamine, methamphetamine, and marijuana use.

It should be noted, Mr. Lopez has not made himself available for a home visit and has not reported to the U.S. Probation Office, as instructed. As such, this officer has been unable to obtain a urinalysis to test for illicit substances since June 17, 2022. The urinalysis taken on June 17, 2022, was negative for illicit substances it is unknown if he is actively using substances at this time, as continued testing is needed.

| | |
|---|---|
| 4 | The individual under supervision has violated the standard supervision condition which states **'After initially reporting to the U.S. Probation Office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.'** |

During a status conference on August 4, 2022, Your Honor directed Mr. Lopez to report to the U.S. Probation Office on August 5, 2022. He failed to report, as directed, and has not answered this officer's several attempts to reach him via phone and home visits.

Specifically, this officer called his mother's phone on August 5, 2022, after he failed to report to the office. Mr. Lopez's mother stated he was not at home, but she would have him return the call. This officer attempted home visits on August 9th and August 10, 2022. Mr. Lopez was not home on these dates and attempts to reach him through his mother's phone were not successful. This officer received a text message from Mr. Lopez's girlfriend's phone number on Saturday, August 13, 2022, which read, "Hi." This officer also received a missed call from his girlfriend's number at 8:55 pm on the same date but no voicemail was left. This officer called Mr. Lopez's girlfriend's number back on August 16, 2022, and she stated that Mr. Lopez was calling this officer because "he knows he has to report." His girlfriend, E.A., stated that he was doing well and that she would have him call this officer when she sees him again. He has not yet called or reported, as directed. A notice to report to the U.S. Probation Office on August 26, 2022, was mailed to Mr. Lopez and his mother, younger brother, and girlfriend each stated that they would make sure he contacts this officer immediately upon his release from the Essex County Jail and he reports, as scheduled, on August 26, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

*Erika Arnone/SGM*

By:   ERIKA M. ARNONE
      U.S. Probation Officer

/ ema

Prob 12C – page 4
Victor Lopez

APPROVED:

_____ August 20, 2022
SUZANNE GOLDA-MARTINEZ              Date
Supervising U.S. Probation Officer

THE COURT ORDERS:

☐ The Issuance of a Warrant
☒ The Issuance of a Summons. Date of Hearing: 9/7/2022 at 1:00 p.m. in person.
☐ No Action
☐ Other

_____
Signature of Judicial Officer
Georgette Castner

8/22/2022
Date